# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| BYRON ANTHONY WRIGHT, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:13CV02298 ERW |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner's petition for writ of audita querela. Because the relief requested is available under 28 U.S.C. § 2255, the Court will dismiss the petition.

On September 9, 2009, petitioner pled guilty to possession with intent to distribute crack cocaine. United States v. Wright, 4:09CR193 ERW (E.D. Mo.). The Court subsequently sentenced petitioner to the statutory minimum 120 months' imprisonment. On December 13, 2010, petitioner filed his first § 2255 motion. The Court denied the motion on July 20, 2011. On April 1, 2013, petitioner filed his third § 2255 motion. The Court denied relief and transferred the action to the Eighth Circuit Court of Appeals on April 29, 2013. The Eighth Circuit denied petitioner's request for authorization to file a successive habeas petition October 21, 2013. Petitioner filed the instant petition on November 8, 2013.

In the instant petition, petitioner argues that the Court incorrectly viewed the United States Sentencing Guidelines as mandatory when it sentenced him. Petitioner contends that his sentence should be vacated and that he should be sentenced under the correct standard.

Petitioner is factually and legally incorrect. The Court did not sentence petitioner to a term of imprisonment within the recommended Guideline range; it sentenced him to the statutory minimum. And petitioner's contention that this matter may be brought in a petition for writ of audita querela is meritless. Section 2255 is the sole means by which a prisoner may challenge the constitutionality of his or her sentence. 28 U.S.C. § 2255(a). The relief of audita querela is not available where § 2255 is the proper means for review of a sentence. E.g., United States v. Richter, 510 F.3d 103, 104 (2d Cir.2007) (per curiam). Moreover, prisoners may not circumvent the AEDPA's restrictions on filing successive habeas petitions by labeling them as something else. E.g., Gonzalez v. Crosby, 545 U.S. 524, 531 (2005) (Rule 60(b) motion was, in fact, a successive habeas petition); Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004) ("Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application

for a Get-Out-of-Jail Card; the name makes no difference. It is substance that controls.").

Petitioner does not have permission from the Eighth Circuit Court of Appeals to file a successive petition. As a result, the Court will dismiss this matter without further proceedings.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED**.

A separate Order of Dismissal will be filed forthwith.

So Ordered this 18th day of November, 2013.

                                          E. RICHARD WEBBER
                                          SENIOR UNITED STATES DISTRICT JUDGE